IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JENNY LEE DUDDLESTON,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE<br><br><br><br>Case No. 1:05-CR-80 TS |

Defendant seeks to modify her sentence as follows.  One, to be given presentence credit for time served in federal custody for which she was given credit against her state sentence.  Two, to have a recommendation that she be enrolled in the Bureau of Prisons' (BOP) Residential Drug and Alcohol Program (RDAP).  Three, to have a placement in home confinement rather than a halfway house at the end of her sentence.  Four, to reduce her sentence "up front" by giving her credit for completing RDAP prior to her actually completing that program.

As an initial matter, although the Motion cites § 2255,[1] the Motion does not seek to vacate, set aside, or correct her sentence within the meaning of that statute.[2]  Instead, she seeks to modify it on various grounds.  Therefore, the Court will not construe the Motion as a Motion under § 2255 and will address her requests as follows.

Credit for time served in official detention prior to imposition of a federal sentence is governed by § 3585(b).[3]  That section allows a federal defendant to be given credit toward his federal term of imprisonment for time spent in official detention prior to commencement of his federal sentence *only* if that time "has not been credited against another sentence."[4]  In enacting § 3585(b), Congress changed the previous law by, among other things, making it "clear that a defendant could not receive a double credit for his detention time."[5]  Because Defendant received credit against her state sentence for the time served in official detention before imposition of her federal sentence, § 3585(b) expressly prohibits granting her a double credit.  Further, it is the Bureau of Prisons (BOP), not the sentencing court, that computes the amount of credit for prior detention under

---

[1] 28 U.S.C. § 2255.

[2] *See* Official Form for Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

[3] 18 U.S.C. § 3585(b).

[4] *Id*.; *see also Pevehouse v. Scibana,* 229 Fed. Appx. 795, 795 (10th Cir. 2007) (citing 18 U.S.C. § 3585(b) and affirming denial of § 2241 petition where Petitioner argued that he was entitled to federal sentence credit for the time he spent in custody between the date he was arrested by state authorities and the date he began serving his federal sentence).

[5] *United States v. Wilson*, 503 U.S. 329, 337 (1992).

2

§3585(b).[6] This Court simply has no authority to modify Defendant's sentence to afford her credit against her federal sentence for time spent in detention prior to commencement of her federal sentence if she has already received credit for that time against her state sentence.

This Court may recommend RDAP. The Court has conferred with Probation and it appears that Defendant is already on the waiting list for RDAP. A modification of the sentence to make such a recommendation is, therefore, not required.

Turning next to Defendant's request for home confinement, because any such placement would be a BOP placement, this Court has no authority to order home confinement in lieu of a halfway house. Further, such a halfway house placement may be required as part of the BOP's RDAP program.

As to Defendant's request for an "up front" reduction for completion of the RDAP program, there is no authority for this Court to make such a reduction. By statute,[7] it is the BOP, not the sentencing court, that may reduce a sentence for up to one year for successful completion of RDAP.[8]

However, such a reduction is not available for prisoners convicted of violent offenses.[9] "[T]he BOP has promulgated a regulation categorically denying the sentence

---

[6]*Wilson*, 503 U.S. at 334 (holding that "the Attorney General must continue to compute the credit under § 3583(b) as he did" under the former statute).

[7]18 U.S.C. § 3621(e).

[8]*Id*. at § 3621(e)(2)(B) (authorizing the BOP to exercise discretion to reduce a federal inmate's sentence up to one year upon the successful completion of RDAP.).

[9]*Id.*

reduction to inmates whose current offense is a felony involving, . . . the 'carrying, possession, or use of a firearm or other dangerous weapon.'"[10]  Any challenge to the manner in which the BOP calculates a prisoner's sentence, including his or her eligibility for credit off a sentence for successful completion of RDAP, must be made by first exhausting administrative remedies with the BOP.  If not satisfied with the administrative ruling, the prisoner may then challenge the BOP's decision in a § 2241[11] petition in the district in which he or she is confined.[12]  For the foregoing reasons, it is therefore

ORDERED that Defendant's Motion to modify her sentence (Docket No. 62) is DENIED.

DATED  September 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *Satterwhite v. Rios*, 215 Fed.Appx. 775, 776 (10th Cir. 2007) (quoting 28 C.F.R. § 550.58(a)(1)(vi)(B) and noting the regulation was upheld by the Supreme Court in *Lopez v. Davis,* 531 U.S. 230, 244 (2001)).

[11] 28 U.S.C. § 2241.

[12] *See Herr v. Rios*, 215 Fed. Appx. 780, 780 (10th Cir. 2007) (affirming denial of § 2241 petition challenging BOP's determination that defendant was ineligible for sentence reduction even if he successfully completed RDAP).